IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GENE JIRAK,<br><br>Defendant. | Case No. CR11-2041<br><br>ORDER GRANTING MOTION TO DISMISS COURT-APPOINTED COUNSEL |

On the 14th day of May 2012, this matter came on for hearing on the Notice of Dismissal of Court Appointed Attorney (docket number 56) filed by the Defendant on May 1, 2012. The Government was represented by Assistant United States Attorney C.J. Williams. Defendant Gene Jirak appeared in person, together with attorney JoAnne Lilledahl.

Defendant asks that his court-appointed counsel be dismissed, and that he be permitted to represent himself.[1] The Court addressed Defendant at some length regarding the dangers and disadvantages associated with self-representation. Defendant assured the Court that he was aware of those difficulties, but nonetheless desires to represent himself. A defendant in a criminal proceeding has a Sixth Amendment right to represent himself, if he is competent to do so. *United States v. Edelmann*, 458 F.3d 791, 808 (8th Cir. 2006) ("While the Sixth Amendment does not explicitly guarantee the right of self-representation, such a right is 'necessarily implied by the structure of the Amendment.'"). In order to represent himself, however, the accused must "knowingly and intelligently" forego the benefits associated with being represented by competent counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation,

---

[1] At the time of hearing, however, Defendant advised the Court that he is also attempting to find substitute counsel to represent him.

1

he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choices made with eyes open.'" *Id.*

After thoroughly discussing the issue with Defendant, the Court concludes that Defendant is aware of the dangers and disadvantages of self-representation, and has made a knowing and intelligent decision to forego the benefits associated with being represented by competent counsel. The issue before the Court is not whether Defendant's desire for self-representation is a good idea, or even in his best interest, but whether he has made a knowing and intelligent decision to exercise his Sixth Amendment right to represent himself. The Court finds that Defendant's motion to dismiss his court-appointed attorney should be granted.[2]

The Court further concludes that attorney JoAnne Lilledahl should continue as stand-by counsel. Ms. Lilledahl should be prepared to resume her status as attorney for Defendant, if necessary. Defendant was advised at the time of hearing, however, that he is not entitled to "hybrid representation."

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion for Dismissal of Court Appointed Attorney (docket number 56) filed by Defendant is **GRANTED**.

2. Attorney JoAnne Lilledahl shall continue as stand-by counsel and be prepared to act as Defendant's attorney, if necessary.

DATED this 15th day of May, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] In a separate Order filed contemporaneously with the instant Order, the Court has found Defendant is competent to stand trial. In addition, the Court finds that Defendant is mentally competent to represent himself at trial. *See Indiana v. Edwards*, 554 U.S. 164 (2008).